IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CIVIL ACTION NO. 1:11-CR-7 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **TYRONE DAVID ROBINSON** | : | |

**MEMORANDUM**

Presently before the court in the above-captioned matter is petitioner Tyrone David Robinson's ("Robinson") *pro se* motion (Doc. 71) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255,[1] alleging ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Specifically, Robinson contends that defense counsel was ineffective in (1) failing to file a petition for writ of certiorari with the United States Supreme Court; and (2) failing to argue that Robinson's traffic stop was initiated without probable cause. (Doc. 71 at 5-6). For the reasons that follow, Robinson's motion will be denied.

I. **Factual Background & Procedural History**

At approximately 9:00 a.m. on December 8, 2010, Pennsylvania State Police Trooper Justin Hope ("Trooper Hope") observed Robinson's vehicle traveling towards the Pennsylvania Turnpike at a rate of 10 to 15 miles per hour. (Doc. 28 at 53-56). Trooper Hope, a member of the state drug interdiction unit, ran Robinson's license plate number and learned that his vehicle was registered to a female in New

---

[1] "A prisoner in custody under sentence of a [district] court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255.

Jersey. (Id. at 52, 55). Driving an unmarked patrol vehicle, Trooper Hope followed Robinson westbound onto the Pennsylvania Turnpike. (Id. at 6, 55). The two vehicles traveled through a construction zone with a speed limit of 55 miles per hour. (Id. at 6-7). Using his vehicle's speedometer, Trooper Hope clocked Robinson's vehicle at a speed of 77 miles per hour over a distance of six-tenths of a mile. (Id. at 7). Trooper Hope subsequently initiated a traffic stop. (Id. at 8).

Over the course of the stop, Trooper Hope became suspicious of drug trafficking activity and requested that a K-9 unit be dispatched to sniff the exterior of Robinson's vehicle. (See Doc. 34 at 2-5). Shortly thereafter, a canine signaled the presence of controlled substances. (See id. at 5). A later search of the vehicle, authorized by a search warrant, led the police to discover more than 100 grams of heroin. (See id.) On January 5, 2011, Robinson was indicted for possession with intent to distribute 100 grams and more of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i) and 18 U.S.C. § 2. (Doc. 1). Robinson entered a plea of not guilty. (Doc. 12).

On February 7, 2011, Robinson filed a motion (Doc. 19) to suppress physical evidence and incriminating statements which he alleged were the result of an unconstitutional seizure in violation of the Fourth Amendment. The motion did not contest the validity of the initial traffic stop. (See id.) The court held a suppression hearing on March 15, 2011. (See Doc. 24). On June 20, 2011, the court denied the motion to suppress, holding that (1) the nature and length of the traffic stop were reasonable under the circumstances; and (2) Trooper Hope possessed reasonable suspicion to perform the subsequent investigative detention. (Doc. 34 at 7-13). On

October 31, 2011, Robinson entered into a conditional plea agreement. (Doc. 44). In the agreement, Robinson pled guilty to possession with intent to distribute 100 grams and more of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(i). (Id.) Therein, Robinson reserved the right to appeal the court's suppression ruling. (Id. at 18).

At Robinson's change of plea hearing, the court found that Robinson was fully alert, competent, and capable of entering an informed plea; that his plea was made knowingly and voluntarily; and that the plea was supported by an independent basis in fact containing each element of the offense pled to. (Doc. 63 at 24-25). The court accepted Robinson's conditional plea of guilty, (id. at 25), and on April 23, 2012, sentenced Robinson to 132 months of imprisonment. (Doc. 56). On May 2, 2012, Robinson appealed the court's denial of his motion to suppress. (Doc. 59). The Court of Appeals for the Third Circuit affirmed the court's decision on July 24, 2013. (Doc. 65). Robinson avers that on August 26, 2013, he mailed a letter to his counsel, requesting that counsel file a petition for writ of certiorari with the United States Supreme Court on Robinson's behalf. (Doc. 72 at 5-6). Robinson asserts that counsel failed to act upon or respond to his request. (Id. at 6).

On July 8, 2014, Robinson filed a habeas corpus motion pursuant to 28 U.S.C. § 2255. (Doc. 66). By order of court dated July 9, 2014, Robinson was granted leave to either withdraw his initial § 2255 motion or to have the motion construed and ruled upon by the court. (Doc. 68). He elected to withdraw the motion with the intent of filing an all-inclusive motion under § 2255. (Doc. 69). Robinson filed the

instant § 2255 motion (Doc. 71) on November 13, 2014.[2]  The motion is fully briefed and ripe for disposition.

**II.    Standard of Review**

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence.  In general, relief under § 2255 is afforded based on one of four grounds: (1) the sentence was imposed in violation of the Constitution or other federal laws; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  R. GOVERNING § 2255 CASES 1(a).  A district court is not required to hold a hearing when the record conclusively shows that a movant is not entitled to relief.  See United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008); see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court.").

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  To prevail on this claim, a petitioner must demonstrate (1) that counsel's representation fell below an objective standard of reasonableness based on

---

[2] Robinson certifies that he placed the motion in the prison mailing system on August 27, 2014.  (See Doc. 71 at 14).  The court deems the motion timely filed within the prescribed 120-day filing period set forth in the order of the court dated July 9, 2014.  (Doc. 68 at 4).  See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) ("[A] *pro se* prisoner's [§ 2255 motion] is deemed filed at the moment he delivers it to prison officials for mailing to the district court."); see also United States v. Brown, 527 F. App'x 94, 95 (3d Cir. 2013) (nonprecedential) (crediting a *pro se* litigant's averred May 8, 2012 delivery to prison officials despite a significantly later docketing date of July 31, 2012).

prevailing professional norms and (2) that the deficient representation was prejudicial. See id. at 687-88. Conclusory allegations are insufficient to entitle a petitioner to relief under § 2255. See Sepulveda v. United States, 69 F. Supp. 2d 633, 639-40 (D.N.J. 1999) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)).

In determining whether counsel has satisfied the objective standard of reasonableness in accordance with the first prong, courts must be highly deferential toward counsel's conduct. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. See United States v. Gray, 878 F.2d 702, 710 (3d Cir. 1989). Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance." Id. at 711 (citing Strickland, 466 U.S. at 689-90). Counsel will not be deemed ineffective for failing to raise a meritless claim. See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).

To satisfy the prejudice prong, the petitioner must show that, but for counsel's errors, the outcome of the proceeding would have been different. See Strickland, 466 U.S. at 694. The district court need not carry out its analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one. See id. at 697; Lilly, 536 F.3d at 196.

### III. Discussion

In the instant motion, Robinson alleges ineffective assistance of counsel on the following grounds: (1) counsel failed to file a petition for writ of certiorari with

5

the United States Supreme Court; and (2) counsel failed to argue that Robinson's traffic stop was initiated without probable cause because Trooper Hope did not use a proper speed timing device to calculate the speed of Robinson's vehicle. (Doc. 71 at 5-6). The court will address these claims *seriatim*.

### A.   Failure to File a Petition For Writ of Certiorari

Robinson's first ineffective assistance of counsel claim arises from counsel's failure to file a petition for writ of certiorari with the United States Supreme Court. (Doc. 71 at 5). As a threshold matter, it is well-established that there is no constitutional right to counsel in petitioning for Supreme Court review. See Wainwright v. Torna, 455 U.S. 586, 587 (1982) (citing Ross v. Moffitt, 417 U.S. 600 (1974)). Further, the Supreme Court has held that criminal defendants may not claim ineffective assistance in proceedings for which representation is not constitutionally guaranteed. See Coleman v. Thompson, 501 U.S. 722, 735 (1991) ("Because there is no constitutional right to an attorney in state postconviction proceedings, . . . a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."); Wainwright, 455 U.S. at 587-88. Consequently, Robinson had no right to effective assistance of counsel when seeking to file a petition for writ of certiorari with the Supreme Court, and Robinson's claim on this ground is meritless.

### B.   Failure to Contest the Validity of the Initial Traffic Stop

Robinson's second claim is that counsel rendered ineffective assistance by failing to argue that Robinson's traffic stop was initiated without probable cause. (Doc. 71 at 6). Specifically, Robinson avers that counsel erred by failing to assert

that Trooper Hope "did not use a speed timing device" as required by Pennsylvania law, (Doc. 72 at 12); that "the government did not present the required evidence of the accuracy of the . . . speedometer," (id. at 14); and that Trooper Hope elected to pursue Robinson for improper reasons unrelated to his vehicle's rate of travel. (Doc. 82 at 5). Under the first prong of Strickland, the court must determine whether counsel's performance "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88.

Fourth Amendment jurisprudence directs that when a police officer has probable cause or reasonable suspicion to believe that a traffic violation has occurred, the officer may stop the vehicle. Whren v. United States, 517 U.S. 806, 810 (1996); United States v. Delfin-Colina, 464 F.3d 392, 396 (3d Cir. 2006). A reviewing court looks to the totality of the circumstances to assess the existence of probable cause or reasonable suspicion. See Delfin-Colina, 464 F.3d at 397; United States v. Williams, 417 F.3d 373, 376 (3d Cir. 2005). The dispositive question is whether "an objective review of the facts show[s] that [the] officer possessed specific, articulable facts that [the] individual was violating a traffic law at the time of the stop." Delfin-Colina, 464 F.3d at 398. The officer's subjective motivation for initiating the traffic stop is irrelevant. See Whren, 517 U.S. at 813 ("[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action.").

Under Pennsylvania law, "[t]he rate of speed of any vehicle may be timed on any highway by a police officer using a motor vehicle equipped with a speedometer.

In ascertaining the speed of a vehicle by the use of a speedometer, the speed shall be timed for a distance of not less than three-tenths of a mile." 75 PA. CONS. STAT. § 3368(a). Speedometers used to enforce speed limits must be "tested for accuracy within a period of one year prior to the alleged violation." § 3368(b). An officer who reasonably suspects that a violation has occurred may stop a vehicle as necessary to enforce the provisions of the Motor Vehicle Code. 75 PA. CONS. STAT. § 6308.

At the hearing on Robinson's motion to suppress, Trooper Hope testified to timing Robinson's speed over a distance of six-tenths of a mile using his patrol vehicle's speedometer. (Doc. 29 at 7). Trooper Hope additionally represented that on November 16, 2010—less than one month prior to the date of Robinson's traffic stop—the speedometer had been calibrated, tested, and certified as accurate. (Id. at 8). After clocking Robinson's vehicle at 77 miles per hour while traveling through a construction zone with a speed limit of 55 miles per hour, Trooper Hope initiated the traffic stop. (Id.)

It is abundantly clear to the court that Trooper Hope possessed specific, articulable facts to support a reasonable suspicion that Robinson was violating state traffic laws at the time of his stop. See Whren, 517 U.S. at 813; Delfin-Colina, 464 F.3d at 396. Contrary to Robinson's assertions, Trooper Hope used a speed timing device which was acceptable under Pennsylvania law. See 75 PA. CONS. STAT. § 3368(a). At the suppression hearing, Trooper Hope proffered credible testimony as to the accuracy of said device, demonstrating that his reliance thereupon was objectively reasonable. See Delfin-Colina, 464 F.3d at 398. Additional evidence certifying the accuracy of Trooper Hope's speedometer would have been minimally

8

relevant to the instant Fourth Amendment analysis.  See Illinois v. Rodriguez, 497 U.S. 177, 185 (1990) ("[W]hat is generally demanded of the many factual determinations that must regularly be made by agents of the government . . . is not that they always be correct, but that they always be reasonable.").  Accordingly, the court concludes that Robinson's initial traffic stop constituted a valid seizure under the Fourth Amendment.  See Whren, 517 U.S. at 810; Delfin-Colina, 464 F.3d at 395.  Robinson thus fails to satisfy the first prong of the Strickland test because it was objectively reasonable for counsel not to contest the constitutionality of the traffic stop.  See Sanders, 165 F.3d at 253 (holding that counsel cannot be ineffective for failing to raise a meritless claim).

The second prong of the Strickland test requires the petitioner to show that due to counsel's failure to act reasonably, the petitioner was prejudiced.  Strickland, 466 U.S. at 687-88.  There is no need to proceed to this analysis, however, because both prongs must be satisfied to show ineffective assistance, see id. at 697, and Robinson's claim of ineffective assistance of counsel on this ground is without merit.

**IV.**     **Conclusion**

For the foregoing reasons, the court will deny Robinson's motion (Doc. 71) to vacate, set aside, or correct sentence for ineffective assistance of counsel. An appropriate order follows.

     /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     May 6, 2015